**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

TASHNA SIMONE RABALOUS,

Petitioner,

v.

DCFS and EDMUND G. BROWN,

Respondent.

No. CV 07-7639-AHM (AGR)

ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Pursuant 28 U.S.C. § 636, the Court has reviewed the entire file de novo, including the Petition, all the records and files herein, the Magistrate Judge's Report and Recommendation, and the objections to the Report and Recommendation that have been filed herein. Having made a de novo determination, the Court agrees with the recommendation of the Magistrate Judge.

IT IS ORDERED that Judgment be entered denying the Petition and dismissing this action without prejudice for failure to exhaust state remedies.

DATED: June 27, 2008

A. HOWARD MATZ
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TASHNA SIMONE RABALOUS,<br>Petitioner,<br>v.<br>DCFS and EDMUND G. BROWN, Attorney General of State of California,<br>Respondents. | NO. CV 07-7639-AHM (AGR)<br><br>REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

The Court submits this Report and Recommendation to the Honorable A. Howard Matz, United States District Judge, pursuant to 28 U.S.C. § 636 and General Order No. 05-07 of the United States District Court for the Central District of California. For the reasons set forth below, the Magistrate Judge recommends the Petition for Writ of Habeas Corpus be denied without prejudice for failure to exhaust state remedies.

///

///

///

///

///

I.

**SUMMARY OF PROCEEDINGS**

In August 2007, Petitioner appears to have pled guilty to "malicious informing of a false bomb." (Petition at 2.) The trial court sentenced her to sixteen months in state prison. (*Id.* at 1.) Petitioner did not file an appeal. (*Id.* at 2.) Petitioner did not file any state habeas petitions in any state court. (*Id.* at 3-4.)

On October 29, 2007, Petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 ("Petition") in the Southern District of California. On November 21, 2007, the court issued an Order Transferring Action to United States District Court for the Central District of California. The action was transferred to the Central District of California. She raises only one ground for relief and argues that a social worker is trying to terminate her parental rights. (*Id.* at 6.) Petitioner concedes that she has never presented Ground One to the California Supreme Court. (*Id.*)

On December 6, 2007, this Court issued an Order to Show Cause Why Habeas Petition Should Not Be Dismissed without prejudice for failure to exhaust state remedies. The Order to Show Cause explained the exhaustion requirement and ordered Petitioner to respond on or before January 7, 2008. The Order to Show Cause warned in bold print: "If Petitioner does not respond to this Order to Show Cause, the Magistrate Judge will recommend that the Court order the petition dismissed, without prejudice, for failure to exhaust her claims." The Order to Show Cause further explained Petitioner's options in responding to the Order.

To date, Petitioner has not filed a response to the Order to Show Cause.

This matter was taken under submission and is now ready for decision.

///

///

## II.

## DISCUSSION

### A. Legal Standards Governing Exhaustion

The Petition was filed after enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Therefore, the Court applies the AEDPA in reviewing the petition. *Lindh v. Murphy*, 521 U.S. 320, 336, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997).

The AEDPA provides that federal habeas corpus relief is available "only on the ground that [Petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254. It is not clear from Petition whether Petitioner is challenging her conviction or sentence as a violation of the federal constitution or law. The Petition is filed against DCFS for attempting to terminate Petitioner's parental rights. (Petition at 6.) Child custody is not the proper subject of a federal habeas petition.

Even assuming that the Petition challenges a conviction or sentence, the AEDPA expressly provides that a petition for writ of habeas corpus brought by a person in state custody "shall not be granted unless it appears that – (A) the applicant has exhausted the remedies available in the courts of the State; or (b)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1). A prerequisite to obtaining federal habeas corpus relief is the exhaustion of available state judicial remedies. 28 U.S.C. § 2254(b); *Picard v. Connor*, 404 U.S. 270, 275, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971). Federal courts are required to give the states an initial opportunity to correct alleged violations of their prisoners' federal rights. *Duncan v. Henry*, 513 U.S. 364, 365-66, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995). Accordingly, a federal court will not review a petition for writ of habeas corpus unless it appears that the prisoner has exhausted available state remedies on every claim presented. *See*

28 U.S.C. § 2254(b), (c); *Rose v. Lundy*, 455 U.S. 509, 522, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982).

A petitioner has the burden of pleading exhaustion in his habeas petition. *See Cartwright v. Cupp*, 650 F.2d 1103, 1104 (9th Cir. 1981), *cert. denied*, 455 U.S. 1023 (1982). Exhaustion requires that Petitioner's contentions be fairly presented to the state's highest court, in this case the California Supreme Court. *James v. Borg*, 24 F.3d 20, 24 (9th Cir.), *cert. denied sub nom. James v. White*, 513 U.S. 935 (1994). Petitioner bears the burden of demonstrating that she described to the California Supreme Court both the operative facts and the federal legal theory on which his claim is based. *Duncan v. Henry*, 513 U.S. 364, 365-66, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995). A petitioner has satisfied the exhaustion requirement if (1) he has "fairly presented" his federal claim to the highest state court with jurisdiction to consider it (*Anderson v. Harless*, 459 U.S. 4, 6, 103 S. Ct. 276, 74 L. Ed. 2d 3 (1982)); or (2) he demonstrates that no state remedy remains available. *Batchelor v. Cupp*, 693 F.2d 859, 862 (9th Cir. 1982), *cert. denied*, 463 U.S. 1212 (1983); 28 U.S.C. § 2254(c).

The appropriate time to assess whether a prisoner has exhausted his state remedies is when the federal habeas petition is filed. *See Gatlin v. Madding*, 189 F.3d 882, 889 (9th Cir. 1999), *cert. denied*, 528 U.S. 1087 (2000). A district court must dismiss a habeas petition containing only unexhausted claims. *See Rose*, 455 U.S. at 522; *Coleman v. Thompson*, 501 U.S. 722, 731, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991) ("a state prisoner's federal habeas petition should be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims"). When a petition is dismissed without prejudice for failure to exhaust state remedies and was unadjudicated on its merits, a subsequent habeas petition raising the claims in the first petition is not barred and may be filed without advance permission from a court of appeals. *See Slack v. McDaniel*,
///

529 U.S. 473, 483, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000); *In re Turner*, 101 F.3d 1323 (9th Cir. 1997).

**B. The Petition Is Completely Unexhausted and Must Be Dismissed**

Petitioner has not presented *any* of her claims to the California Supreme Court. Petitioner did not appeal her conviction and has not filed any state habeas petition in the California Supreme Court. (Petition at 2-4.) The Petition states that Petitioner has never presented her sole ground for relief to the California Supreme Court. (*Id.* at 6.)

Thus, the Petition in this Court is completely unexhausted and must be dismissed without prejudice on that basis. *See Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006).

***Petitioner is cautioned that a future federal habeas petition would be subject to the one-year statute of limitations in 28 U.S.C. § 2244(d).*** The one-year period starts either when a conviction becomes final under 28 U.S.C. § 2244(d)(1)(A) or on a date set in § 2244(d)(1)(B)-(D).

**III.**

**RECOMMENDATION**

For the reasons discussed above, it is recommended that the District Court issue an Order (1) adopting this Report and Recommendation and (2) directing that judgment be entered denying the Petition and dismissing this action without prejudice for failure to exhaust state remedies.

DATED: January 25, 2008

Alicia G. Rosenberg
ALICIA G. ROSENBERG
United States Magistrate Judge

**NOTICE**

Reports and Recommendations are not appealable to the Court of Appeals, but are subject to the right of any party to file Objections as provided in the Local Rules Governing Duties of Magistrate Judges, and review by the District Judge whose initials appear in the docket number. No Notice of Appeal pursuant to the Federal Rules of Appellate Procedure should be filed until entry of the Judgment of the District Court.